UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
PEDRO LUGO,

                          Plaintiff,

                                                            COMPLAINT
          -against-                                         07 Civ. 8322 (KMK)

CHESTNUT RIDGE TRANSIT, INC.,

                          Defendant.
------------------------------------------------------------------

          Plaintiff Pedro Lugo, by and through his attorney Michael D. Diederich, Jr., complains of

the Defendant as follows:

## INTRODUCTORY STATEMENT

          This is a action for damages and injunctive relief against defendant CHESTNUT RIDGE

TRANSIT, INC. ("Defendant"), for its discriminatory treatment of plaintiff as his employer,

employment, in violation of, *inter alia*, the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e ("Title

VII"),  42 U.S.C. §§ 1981 and 1985, the Age Discrimination in Employment Act, the Fair Labor

Standards Act, and parallel state law.

## THE PARTIES

          1.   Plaintiff PEDRO LUGO is, and was at all times relevant herein, citizen of the United

States and a resident of the Village of Spring Valley, Town of Ramapo, County of Rockland,

State of New York.

          2.   Defendant CHESTNUT RIDGE TRANSIT, INC. (hereinafter "defendant"), upon

information and belief, is and at all times relevant herein was a business corporation organized

and existing under the laws of the State of New York, with headquarters located in the Village of

Hillburn, County of Rockland, State of New York.

3. Upon information and belief, Defendant may be otherwise known as "Chestnut Ridge Transportation."

4. Defendant is an employer within the meaning of 42 U.S.C. § 2000e-(b).

5. Upon information and belief, Defendant has, at all times herein relevant, been authorized to conduct business in New York State.

## JURISDICTION AND VENUE ALLEGATIONS

6. This court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), the Age Discrimination in Employment Act, , 42 U.S.C. § 1981, and 42 U.S.C. §§ 1985 and 1988, and venue is proper under 28 U.S.C. § 1331 and § 1343(4).

## FACTUAL ALLEGATIONS

Overview

7. Plaintiff became an employee of the Defendant in or around 1998.

8. Plaintiff is mulatto, with "black" skin color and Afro-American ancestry.

9. Plaintiff's ethnicity is Hispanic.

10. During his nine (9) years working for Defendant, and through the present, Plaintiff has been a diligent, competent and, upon information and belief, well-regarded employee of the Defendant.

11. Plaintiff has had no disciplinary problems working for the Defendant.

12. Upon information and belief, Defendant employs approximately 400 drivers during the school year (roughly early September through mid/late June).

13. Upon information and belief, most drivers work hour totaling approximately 40 per week during the school year.

14. Upon information and belief, during the summer recess (mid/late June through early September), Defendant employs approximately 75 drivers during all or part of that period.

2

15. Upon information and belief, as to the 75 or so driver employed during the summer recess, most work 25 hours or less per week,

16. Upon information and belief, as to the 75 or so driver employed during the summer recess, such drivers work for as few as four weeks and up to 8 weeks.

17. Upon information and belief, Defendant's drivers are organized, and represented by the United Transportation Union ("UTU").

18. Upon information and belief, in Defendant's collective bargaining agreement ("CBA") with the UTU, selection of drivers for work during the summer recess is based upon reverse seniority, with the most junior drivers selected for summer recess work before more senior drivers.

19. Upon information and belief, the members of the local UTU are required to comply with and respect the spirit and intent of the CBA.

20. As to summer work, the spirit and intent of the CBA is that more senior workers not be inconvenienced by the sporadic, limited and part-time nature of summer recess work, but rather that the more junior employees be required to accept the inconvenience of summer recess work.

21. Upon information and belief, the Defendant is a part to the CBA, and therefore is required to honor its terms, spirit and intent, by selecting junior drivers for summer recess work before more senior drivers.

22. Upon information and belief, it is a pattern and practice of the Defendant to select for summer employment drivers who are junior in seniority.

23. Upon information and belief, Defendant has in the past distributed a "survey" to workers regarding summer work.

24. Upon information and belief, this survey was distributed for the purpose of identifying drivers whose preference was to work, or not work, during the summer recess.

25. Upon information and belief, this survey was not intended to undermine the spirit or intent of the CBA provision requiring the Defendant to select first the most junior employees for summer work.

26. Upon information and belief, the Defendant has not contested the unemployment insurance claims of various senior drivers not selected for summer recess work.

27. Upon information and belief, there have been senior drivers not selected for summer recess work whose unemployment compensation claims have not been disputed by Defendant.

28. Upon information and belief, most or all of these senior drivers whose summer recess unemployment claims have not been disputed by Defendant are of a different race and/or ethnicity than Plaintiff.

Discrimination in contesting Plaintiff's unemployment compensation claim

29. Upon information and belief, Plaintiff was reasonably under the understanding that, based upon his seniority, that he would not be required by the Defendant to work during the summer recess.

30. Upon information and belief, without reasonable notice, and without selection under the lowest seniority provisions of the CBA, the Defendant sought to direct Plaintiff to come back to work immediately.

31. Upon information and belief, Plaintiff was unable to reasonably comply at that time, due to his circumstances at the time, which circumstances were present based upon Plaintiff's reliance upon the CBA selection criteria.

32. Upon information and belief, other employees of different race and/or ethnicity were not subjected to similar treatment.

4

33. Upon information and belief, all non-Hispanic drivers who did not work during the summer recess, 2006, received unemployment benefits.   Defendant did not contest such unemployment benefits as to these drivers.

34. Upon information and belief, this was notwithstanding that these non-Hispanic drivers should have worked before Plaintiff under legitimate selection criteria.

35. Upon information and belief, race was also a factor in the above-described discrimination.

36. Upon information and belief, Plaintiff's age (over 50 years) was also a factor in the above-described discrimination.

37. Upon information and belief, if Plaintiff had known that he was expected to be available for work during the summer recess, 2006, he would have made plans so that he would have been able to work when called, thereby earning his wages, and not losing unemployment insurance.

Breach of Contract and FLSA Claims for Overtime and Unpaid Wages

38. Upon information and belief, during the past four years, during the school year, Plaintiff drove the same "late run" with his bus for which he was wrongfully underpaid 15 minutes per day.

39. Upon information and belief, white and non-Hispanic drivers were paid for the same 15 minutes of work per day, for which plaintiff was not paid.

40. Upon information and belief, Defendant started paying Plaintiff for these 15 minutes recently, and only after Plaintiff was able to show that white/non-Hispanic drivers were being paid for this same time.

41. Upon information and belief, some or all of this uncompensated time was properly overtime pay.

5

EEOC "Right to Sue" Letter

42. Plaintiff has filed a timely charge of race discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC on June 28, 2007, a copy of which is attached hereto as Exhibit "1."

## FIRST CLAIM FOR RELIEF--RACIAL DISCRIMINATION
## IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. § 2000E

43. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above as if fully set forth again at length.

44. In the selection of individuals to work during summer recess, Plaintiff was discriminated against in the terms and conditions of his employment.

45. In Defendant's decision to characterize Plaintiff as able to work for unemployment purposes, and in challenging Plaintiff's unemployment claim, Plaintiff was discriminated against in the terms and conditions of his employment.

46. As a proximate result of defendants' actions, plaintiff has suffered the loss of his apartment, and suffers and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

47. As a further proximate result of defendants' actions, plaintiff has suffered and continues to economic loss including:

- deprivation of unemployment benefits for the summer recess period, 2006;

- an 8 day unemployment insurance penalty;

- deprivation of wages for the summer recess period, 2006.

48. Through its discrimination, Plaintiff has been damaged thereby.

**SECOND CLAIM FOR RELIEF  FOR RACIAL DISCRIMINATION IN ADMINISTERING ITS EMPLOYMENT CONTRACT, IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

49. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above as if fully set forth again at length.

50. As a proximate result of defendant's racial discrimination against plaintiff, plaintiff has suffered substantial losses, including unemployment compensation, unemployment insurance rights, and hourly wages and overtime compensation, and other employment benefits.

51. The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.


**SIXTH CLAIM FOR RELIEF---- AGE DISCRIMINATION IN VIOLATION OF ADEA**

52. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above as if fully set forth again at length.

53. Upon information and belief, Defendant also discriminated against plaintiff on the basis of his age, in violation of the Age Discrimination in Employment Act.

54. Plaintiff was damaged thereby.


**THIRD CLAIM FOR RELIEF FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C.A. S. 207(A)(1)**

55. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above as if fully set forth again at length.

56. Plaintiff had the promise, agreement, or arrangement via CBA and otherwise concerning payment for work, including being paid overtime for work beyond 40 hours per week; the method used to record hours worked and to compute pay due;

57. Plaintiff was intentionally not paid wages for hours worked.

58. Some or all of this time was overtime.

59. By wrongfully refusing to pay plaintiff for straight time and overtime hours worked, defendant violated the Fair Labor Standards Act with knowing and/or reckless disregard for the Act's proscriptions.

## FOURTH CLAIM FOR RELIEF--BREACH OF CONTRACT

60. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above as if fully set forth again at length.

61. In not compensating Plaintiff, and in not abiding by the provisions, spirit and intent of the CBA, Plaintiff was damaged thereby.

## FIFTH CLAIM FOR RELIEF----
## DISCRIMINATION IN VIOLATION OF
## N.Y.S. HUMAN RIGHTS LAW

62. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above as if fully set forth again at length.

63. In discriminating against Plaintiff, Defendant also violated sundry provision of the N.Y.S. Human Rights Law, N.Y.S. Executive Law article 15 and § 290 et seq.

64. Plaintiff is entitled to relief thereunder, including damages.

## SIXTH CLAIM FOR RELIEF----
## INTENTIONAL DEPRIVATION OF CIVIL RIGHTS

65. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above as if fully set forth again at length.

66. In discriminating against Plaintiff, Defendant also took action, and conspired with others, to deprive Plaintiff if his federal civil rights, including but not limited to depriving Plaintiff of rights under the N.Y.S. Labor Law and its unemployment insurance provision.

67. Upon information and belief, Defendant's actions violated 42 U.S.C. § 1985.

68. Plaintiff is entitled to relief thereunder, including damages and punitive damages.

### SEVENTH CLAIM FOR RELIEF----
### AGE DISCRIMINATION IN VIOLATION OF ADEA

69. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above as if fully set forth again at length.

70. Upon information and belief, Defendant also discriminated against plaintiff on the basis of his age, in violation of the Age Discrimination in Employment Act.

71. Plaintiff was damaged thereby, including an award of both compensatory and liquidated damages.

WHEREFORE, plaintiff prays that this Court grant judgment to him containing the following relief:

a) An award of plaintiff's actual damages in an amount not less than $25,000 for loss of wages, overtime, benefits, unemployment insurance benefits, and opportunities, and other economic loss;

b) An award of damages in an amount not less than $1,000,000 to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

c) An award of punitive damages;

d) An award of liquidated damages under the ADEA;

e) An order enjoining defendants from engaging in the wrongful practices alleged herein;

f) An award of reasonable attorneys' fees and the costs of this action;

g) Such other and further relief as this Court may deem just and proper.

### Jury Demand

Plaintiff requests trial by jury in this action.

Dated: Stony Point, New York

September 24, 2007

                          Respectfully submitted,

                          _____

                          MICHAEL D. DIEDERICH, JR.
                          *Attorney for Plaintiff    (MD 2097)*
                          361 Route 210
                          Stony Point, N.Y. 10980
                          (845) 942-0795

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
PEDRO LUGO,

Plaintiff,


-against-


CHESTNUT RIDGE TRANSIT, INC.,

Defendants.
--------------------------------------------------------

### *COMPLAINT*

07 Civ. 8322 (KMK)


MICHAEL D. DIEDERICH, JR.
*Attorney for Plaintiff* (MD 2097)
361 Route 210
Stony Point, New York 10980
(845) 942-0795